IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN W. SEADLER a/k/a ALLAN W.
SEADLER, KAREN M. SEADLER,

          Plaintiffs,

v.

EOG RESOURCES APPALACHIAN, LLC,
EXCO APPALACHIA, INC., RANGE
RESOURCES-APPALACHIA, LLC,

          Defendants.

14cv0626
**ELECTRONICALLY FILED**

### Memorandum Order on Motion to Remand (doc. no. 6)

Plaintiffs, Alan W. Seadler, and his wife, Karen M. Seadler (hereinafter "Plaintiffs" or "the Seadlers") initiated this lawsuit before the Court of Common Pleas of Westmoreland County, Pennsylvania, alleging breach of contract and other related state law claims. The subject of this lawsuit is 24.3 acres of land in Washington Township, Westmoreland County, Pennsylvania, owned by Plaintiffs, which is subject to an Oil and Gas Lease originally made by their predecessors in title with respect to a larger, 131 acre tract of land. According to the original and Amended Complaint, and attachments (signed by Plaintiff's attorney), *there are no money damages requested*, and the amount in controversy is less than $30,000. Also, importantly, the Seadlers request that the lease be terminated only with respect to their property which is 24.3 acres, not the remaining 106.7 acres covered by the Lease. Defendants, however, removed this lawsuit on the basis of diversity, after Plaintiffs filed an Amended Complaint adding EXCO, Appalachia, Inc. (EXCO) as a Defendant. Defendants also have filed declarations stating that the amount Defendants have paid to acquire the entire lease exceeded

1

$75,000; the cost to reacquire the entire amount of the land covered by the Lease in the event of termination would exceed $75,000; and lost revenue from a termination of the entire lease would exceed $75,000.  Doc. No. 1-D.  While Defendants suggested in the removal petition that the amount in controversy in this action exceeds the jurisdictional threshold if the Lease were terminated with respect to the entire 131 acres, there was no mention of the amount in controversy if the Lease were terminated only as to the 24.3 acres as demanded in the original and Amended Complaint.

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal.  *E.g., American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co*, 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted); *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir. 1974).  All doubts as to substantive and procedural jurisdictional prerequisites must be resolved in favor of remand.  *E.g., Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993).  The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes.  *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal is strictly a statutory right and the statutory procedures to effect removal must be followed precisely.  *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985).  Removability is to be determined "only by reference to the plaintiff's initial pleadings," *Swope,* 816 F. Supp. at 323 (citations omitted), at the time of filing the petition for removal.  *Abels,* 770 F.2d at 29.

Where the basis for removal is diversity of citizenship under 28 U.S.C. § 1332, "the congressional intent to restrict federal diversity jurisdiction [must be] honored." *Meritcare Inc.*

*v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *citing, inter alia, Nelson v. Keefer*, 451 F.2d 289, 293-95 (3d Cir.1971) (federal judiciary has been "too timid" in eliminating the "plethora of cases which do not belong in federal courts.").

When an action is removed on the basis of diversity, the requisite diversity of citizenship and jurisdictional amount ordinarily must appear on the face of the complaint or the removal petition. *See Levy v. Weissman*, 671 F.2d 766, 767 (3d Cir. 1982). Moreover, even though "actual damages may not be established until later in the litigation, the amount in controversy is measured as of the date of removal, a practice similar to that in original jurisdiction where the inquiry is directed to the time when the complaint is filed . . . . When it appears to a legal certainty that plaintiff was never entitled to recover minimum amount set for section 1332, the removed case must be remanded even if the jurisdictional deficiency becomes evident only after trial." *Meritcare*, 166 F.3d at 217.

Where, as here, the Complaint and Amended Complaint do not seek damages in a precise monetary amount, the district court may look to the notice of removal, and should make an independent evaluation of the claim from the record before it, i.e., the state court records starting with the Complaint, and the removal notice. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit clarified the amount in controversy test in *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004). The Court in *Samuel-Bassett* noted a federal court's continuous obligation to satisfy itself of its jurisdiction, *sua sponte* if the parties have not flagged the issue, and reiterated that the removal statutes are to be strictly construed against removal. 357 F.3d at 396. Any factual disputes necessary to establish jurisdiction or the lack thereof must be resolved by the district court if the

complaint and removal petition are insufficient to establish the amount with certainty. *Id.* It is Defendant's burden to demonstrate, by a preponderance of the evidence, facts upon which the district court may find that the amount meets or exceeds $75,000. *Id*. at 397-98. Furthermore, estimations of the amounts recoverable [under the state claims pleaded] must be realistic. *Id*. at 403. The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated. *Id*. at 403.

When the relevant facts are not in dispute or findings have been made by the district court, the Court of Appeals in *Samuel-Bassett* recommended that the Court "adhere to the legal certainty test" cited in *Meritcare Inc. v. St. Paul Mercury Ins. Co*., 166 F.3d 214 (3d Cir. 1999), and established by the United States Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938). In *Red Cab*, the plaintiff, in seeking a remand to state court, amended the complaint after removal to allege damages less than the federal jurisdictional amount. The Supreme Court in *Red Cab* discussed the nature of a defendant's burden of proof in a removal case and stated that "the rule for determining whether the case involves the requisite amount as whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Samuel-Bassett*, 357 F.3d at 397 *citing Red Cab*, 303 U.S. at 289.

Applying the *Samuel-Bassett* "to a legal certainty" standard to this case, Defendants have not demonstrated the value of this case will reach the $75,000 threshold. Importantly, the United States Court of Appeals for the Third Circuit assesses the amount in controversy from the viewpoint of the plaintiff. *County of Washington, Pa, v. U.S. Bank Nat. Ass'n*, 2012 WL

4

3860474 (W.D. Pa. 2012), *citing Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995) (in action for injunctive relief, amount in controversy is measured "by the value of the rights which the plaintiff seeks to protect").[1] Additionally, the United States Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Id. citing Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir.1994) ("In the Third Circuit, for actions seeking an injunction, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.").

In addition to Plaintiff's motion for remand, Plaintiff Karen M. Seadler has filed a declaration, under penalty of perjury, swearing that a landman for Huntley & Huntley, Inc. acting as agent for Defendant Range Resources – Appalachia, LLC, confirmed that Huntley was offering $2,240 per acre to lease the land in the vicinity of Plaintiffs land, as of August 2, 2013. At the rate, Huntley would have paid us $54,675 to lease Plaintiffs land. Accordingly, the value of the right sought to be protected, as least as of August 2, 2013, appears to be less than the jurisdictional threshold.

---

[1] Although Defendants argue that the entire leased premises is at issue because the lease is indivisible, the few cases cited by Defendants do not sweep with such a broad brush, and would in any event require extensive factual discovery and findings on the terms of the lease and issues surrounding unitization, which is not commensurate with the overarching policy to limit federal jurisdiction, and improperly places the burden on Plaintiffs rather than Defendants, as the removing party.

Under the legal certainty test, Defendants have failed to meet its burden to establish the amount in controversy by a preponderance, and that any alleged damages would meet the jurisdictional threshold of $75,000. Additionally, the interpretation of a lease for natural gas/oil is a contractual/*in rem* matter which is traditionally handled by the state court, who is intimately familiar with, and regularly adjudicates claims of this nature.[2] *See Battiste v. Arbors Management*, 2012 WL 94486, fn. 3 (W.D. Pa. 2012). Therefore, Plaintiff's Motion to Remand is GRANTED and this case is remanded to the Court of Common Pleas of Westmoreland County, forthwith. The Clerk shall mark the docket closed.[3]

**SO ORDERED** this 17th day of June, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[2] This Court's review of the docket and supporting documents in this case has not uncovered a choice of law clause in the applicable Lease(s), but notes that Defendant Range Resources- Applalachia LLC is a Delaware limited liability company with its principal place of business located in Texas. However, because the *res* is located in Pennsylvania, and the lease(s) was signed in Pennsylvania, the Court would surmise that the law of this Commonwealth is applicable to this dispute. *See Hoffman v. Arcelormittal Pristine Resources, Inc*., 2011 WL 1791709 (W.D. Pa. 2011).

[3] The Court will, however, decline Plaintiffs' request for attorney's fees and costs because the Court cannot go so far as to say that Defendants had no objectively reasonable basis for removing this case. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).